DECISION
 I. INTRODUCTION
Plaintiffs appeal the denial of their claim for deferral of property tax by the Department of Revenue (Defendant) for the 2009-10 tax year under the Senior Citizens Property Tax Deferral Program (program). Trial was held by telephone April 27, 2009. Leslie F. Lacasse, appeared for Plaintiffs. Stacey Weight appeared on behalf of Defendant.
 II. STATEMENT OF FACTS
The undisputed facts are as follows. The program enables qualified taxpayers to defer the payment of property taxes levied on their homestead and continue the deferral of future taxes so long as the requirements of ORS 311.670 are met. ORS 311.668(2)(a), (b), (c).[1]
Defendant publishes a deferral application booklet that contains information concerning the eligibility requirements and application process for the program. Oregon Department of Revenue Form 150-490-015 (Rev 10-08). In February 2009, Plaintiffs filed an application to defer the property taxes for 11734 SE Dogwood Street in South Beach. (Def s Answer.) The assessor forwarded *Page 2 
their claim to Defendant to determine if the property is eligible for deferral, per ORS 311.668(1)(c). Defendant denied Plaintiffs' application on March 11, 2009, determining that the 2008 household income of Plaintiffs exceeded the program's statutory limit of $39,000. (Defs Ltr at 1, Mar 11, 2009.)
In 2008, Plaintiffs withdrew $15,393.58 from their Thrift Savings Plan (TSP), a retirement savings and investment plan for federal employees. (Ptfs' Compl at 4.) Federal income tax of $3,078.72 was withheld from the withdrawal. (Id) Plaintiffs acknowledge that their household income exceeded $39,000, if the amount they withdrew from their TSP is included. Following the denial of Plaintiffs' claim for deferral, Plaintiffs mailed the department a letter explaining that "[t]he only reason that 2008's income is over $39,000 is because of the fact that [taxpayers] had to close [the] last retirement money from the [TSP] so that [they] could pay [their] medical bills and [their] credit card bills." (Compl at 3.) Plaintiffs contend that the withdrawal was not "income per se," and that "[their] income is well under $30,000 per year." (Id.)
 III. ANALYSIS
ORS 311.666 through ORS 311.701 provide for the deferral of property taxes on a qualifying taxpayer's homestead. ORS 311.668(1)(a) provides in relevant part, "Subject to ORS 311.670, an individual, or two or more individuals jointly, may elect to defer the property taxes on their homestead by filing a claim for deferral with the county assessor[.]" The county assessor then forwards the claim to the department to determine eligibility. ORS 311.668(1)(c). There are several requirements that limit eligibility for tax deferral under the program. Of relevance in this case is the requirement that the individual must have a household income below the statutory limit. ORS 311.668(1)(b). *Page 3 
The issue in the present case is whether Plaintiffs' household income exceeded the statutory limit for the 2009 claim for deferral. In order to determine if Plaintiffs are eligible for property tax deferral in 2009, the court will first find the applicable statutory limit and then establish what amounts should be included as household income under Oregon law.
A. Statutory Limit
Eligibility for the program is determined through a statutory formula. The household income limit set out in ORS 311.668(1)(b) is $32,000, but under subsection (7) of that statute, the department must recompute the income limit "[f]or each year beginning on or after July 1, 2002." ORS311.668(7)(a) provides, "[f]or each tax year beginning on or after July 1, 2002, the Department of Revenue shall recompute the maximum household income that may be incurred under an allowable claim for deferral[.]" That household income is "for the calendar year immediately preceding the calendar year in which the claim is filed[.]" ORS 311.668(1)(b). "The Department of Revenue will publish the total household income limit each year in the deferral application booklet." OAR 150-311.668(1)(a)-(A)(3)(b). A 2009 claim for deferral is subject to a 2008 household income limit of $39,000, the tax year immediately preceding the claim year. Therefore, Plaintiffs' eligibility for deferral of 2009-10 property taxes under ORS311.668(1)(b) depends upon whether their household income for 2008 was more than $39,000.
B. Household Income
The amounts includable in Plaintiffs' 2008 household income must be determined in order to ascertain whether they are eligible for the program. ORS 311.668(1)(b) provides that for the purposes of the program, the term "household income" is as defined in ORS 310.630(7), which provides in relevant part: *Page 4 
 "`Household income' means the aggregate income of the taxpayer and the spouse of the taxpayer who reside in the household, that was received during the calendar year for which the claim is filed."
ORS 310.630(8) defines "income" as "`adjusted gross income' (AGI) as defined in the federal Internal Revenue Code (IRC)[.]" According to the IRC, AGI is, in relevant part, all income from whatever source derived, minus allowable deductions. IRC § 61(a); IRC § 62(a).[2] Pensions and annuities are specifically included within AGI. IRC § 61(a)(9), (11). Additionally, treasury regulations include within AGI "retired pay of employees, pensions, and retirement allowances * * * unless excluded by law[,]" and distributions from employees' trusts. See Treas Reg §1.61-2(a)(1), (2)(i) (2008).
The IRC codifies the definition of AGI used for determining federal income tax. Although the ORS incorporates that definition for purposes of determining household income with regard to eligibility for the program, ORS 310.630(8) includes other amounts in its calculation of household income. Specifically, ORS 310.630(8)(a) provides, in relevant part, "[t]here shall be added to [AGI] * * * (A) [t]he gross amount of any otherwise exempt pension less return of investment, if any[.]"[3]
Furthermore, Oregon case law demonstrates that household income includes distributions from retirement benefits and investment accounts. In a case where a retired taxpayer received disability retirement payments but failed to report these payments in his income tax return, the court determined that the payments were includable within the taxpayer's AGI. Postmus v. Dept. of Rev., TC-MD No 010915C at 2 (June 17, 2002). Because household income limits for the property tax deferral program incorporate AGI, including otherwise exempt pension income, *Page 5 
those retirement payments are includable in household income. Additionally, this court has previously concluded that household income includes distributions from an individual retirement account (IRA).McLaughlin v. Dept. of Rev., TC-MD No 080860B at 2 (Oct 22, 2008). Thus, "household income," for the purposes of ORS 311.668(1)(b), means all income from whatever source derived, including distributions from pensions, annuities, and retirement benefits and investments.
A withdrawal from the TSP is includable in household income whether the TSP is a pension, an annuity, or a retirement investment. Although Plaintiffs withdrew $15,393.58 from their TSP and used the money as a taxpayer would use any other income — by paying medical and credit card bills — Plaintiffs contend in their written submissions that the withdrawal was not "income per se," and that their income is "well under $30,000 per year." (Ptfs' Compl at 3.) The nature of the TSP is unclear from the record, and although the TSP is a retirement savings and investment plan, it is not clear which category of retirement benefits or investments would include the TSP. Nonetheless, AGI — which household income incorporates — expressly includes pensions and annuities. Additionally, the holdings of both Postmus and McLaughlin include payments from retirement benefits and investments within household income. Because the TSP is a retirement plan that is categorized as a pension, annuity, or retirement investment, Plaintiffs' household income includes withdrawals from the TSP.
 IV. CONCLUSION
Plaintiffs are not eligible for deferral of property taxes for the 2009-10 tax year. Plaintiffs' withdrawal of $15,393.58 from their TSP is household income for the purposes of ORS 311.668(1)(b) because distributions from pensions, annuities, and retirement investments are includable in household income under IRC section 61(a) and ORS 310.630(8). The addition *Page 6 
of the withdrawal to Plaintiffs' other amounts of income for 2008 causes their household income to exceed the $39,000 statutory limit for eligibility for deferral of property taxes under the Senior Citizens Property Tax Deferral Program for 2009. Defendant correctly denied Plaintiffs' claim for deferral of property taxes under ORS 311.668
because Plaintiffs' 2008 household income exceeded the statutory limit of $39,000. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this ___ day of July 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on July 28,2009. The Court filed and entered this document on July 28, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] All references to the Internal Revenue Code (IRC) are to 2006.
[3] Provisions of the IRC exclude certain pension payments from AGI. ORS 310.630(8) includes those "otherwise exempt pension[s] less return of investment[.]" The record before the court is silent as to any prior investments that might be excludable from the determination of Plaintiffs' household income.